**UNITED STATES of America,**

v.

**Irvin J. MARTINEZ, Appellant.**

No. 03–1222.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) Jan. 29, 2004.

Decided March 8, 2004.

George S. Leone, Ricardo Solano, Jr., Office of United States Attorney, Newark, NJ, for Appellee.

Dennis Wixted, Sufrin, Zucker, Steinberg, Waller & Wixted, Camden, NJ, for Appellant.

Before NYGAARD and FUENTES, Circuit Judges, and O'NEILL,* District Judges.

## OPINION OF THE COURT

FUENTES, Circuit Judge.

In November and December 2000, Appellant Irvin Martinez attempted or committed seven armed robberies. In July 2002, Martinez pled guilty to a two-count Information. Count One charged Martinez with armed robbery (of a Gulf Gas station on December 9), 18 U.S.C. § 1951, and Count Two charged him with discharging a firearm during a robbery (of a Sunoco Gas station on November 15), 18 U.S.C. § 924(c). In January 2003, the District Court sentenced Martinez to 130 months on Count One and 120 months on Count Two, to be served consecutively pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 5G1.2(a). The 130–month sentence was calculated by taking into account all seven attempted/committed robberies, and specifically took into account Martinez's use of a firearm in every robbery except the November 15 Sunoco robbery. No "firearm discharge" enhancement was applied to the November 15 robbery because the firearm used in that robbery was the predicate for the independent charge stated in Count Two, and further enhancement would have constituted impermissible double counting.

---

* Honorable Thomas N. O'Neill, Jr., Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

354

Martinez now appeals the offense level used for his sentence: specifically, he argues that the bar against double counting precludes *any* firearm enhancement for *any* of the robberies, since Count Two already punishes him for use of a firearm. Similarly, Martinez argues that an enhancement for inflicting serious bodily injury on a victim must be overturned because the injury in this case was inflicted by a firearm and an enhancement on that basis would constitute double counting. The prosecution responds that Martinez cannot contest these enhancements because he specifically stipulated to them in his plea agreement. Alternatively, the prosecution contends that the enhancements were proper on their merits because Count Two only punished Martinez for his use of a firearm in the November 15 robbery, and none of the other enhancements punishes him again for that particular conduct. Because we agree that the enhancements did not constitute "double counting," we affirm Martinez's sentence without considering the allegedly binding nature of his plea stipulations.

■ Martinez premises his double-counting argument on the Application Notes to the applicable Sentencing Guideline for Count Two. Specifically, § 2K2.4, App. Note 4,[1] states: "If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence *for the underlying offense*" (emphasis added). As the government points out, the District Court's enhancements do not violate Note 4 at all. First, as the italicized language above explicitly states, the sentence on

Count Two precluded a firearm use enhancement for only the underlying offense: namely, the November 15 robbery. The District Court observed this prohibition, and then correctly applied the firearm use enhancement to the other six robberies, none of which were the underlying offense for Count Two. *See United States v. Stevens*, 223 F.3d 239, 248–49 (3d Cir.2000) (§ 924(c) conviction associated with a carjacking did not preclude firearm use enhancement for a separate carjacking). Indeed, Note 4 explicitly approves the District Court's action: "if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. 924(c) conviction."

■ Martinez is similarly mistaken in his assertion that his enhancements for firearm use and inflicting serious bodily injury are impermissibly duplicative. As the Seventh Circuit has recognized in *United States v. Ledford*, 218 F.3d 684, 691 (7th Cir.2000), inflicting injury and using a firearm are completely independent features of a criminal act: one could inflict injury upon somebody without using a firearm (or any weapon at all), and one could use a firearm without inflicting bodily injury. The fact that Martinez used his firearm to inflict the bodily injury in this case does not render the separate enhancements a collective act of "double counting." Accordingly, we affirm the District Court's judgment.

1. Martinez cites to App. Note 2, which was the relevant application note in an older, now outdated version of the Guidelines. The substance of the old App. Note 2, however, has been preserved in the currently existing App. Note 4.